UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-07-43-B-W |
| | ) | |
| BRIAN A. HINKLEY | ) | |

**ORDER ON MOTION TO STRIKE PRIOR CONVICTION**

Charged with multiple counts of possession of child pornography, Brian A. Hinkley moves to strike a prior conviction from the application of 18 U.S.C. § 2252A(b) in order "to permit Defendant a full and fair opportunity to know what he is facing by either entering a plea or choosing a trial." *Mot. to Strike Prior Conviction From the Application of 18 U.S.C. Section 2252A(b)* (Docket # 48) (*Def.'s Mot.*). The Court dismisses the motion, because it asks for an advisory opinion.

**I.    STATEMENT OF FACTS**

On July 19, 2007, a federal grand jury indicted Brian Hinkley for four counts of possession of child pornography under both 18 U.S.C. § 2252A(a)(1) and (a)(5). *Indictment* (Docket # 14). On December 14, 2007, Mr. Hinkley moved to strike a prior conviction, based on a set of stipulated facts. *Def.'s Mot.* at 1; *Joint Stipulation of Facts* (Docket # 49) (*Stip.*). The stipulation provides that on February 26, 2003 a criminal complaint was filed in Maine District Court (Farmington Docket No. FARDC-CR-2003-00202), charging Mr. Hinkley with two counts of possessing sexually explicit material in violation of 17 M.R.S.A. § 2924(2)(A) and that on the same day, Mr. Hinkley entered a guilty plea to both counts. *Stip.* at 1. He received a sentence of 364 days in jail, all suspended, and one year probation on each count to run consecutively. *Id.* In February 2003, a violation of section 2924(2)(A) was a misdemeanor under Maine law. *Id.*

Mr. Hinkley seeks a judicial answer to the following questions: first, whether a prior misdemeanor under 17-A M.R.S.A. § 2924(2) can be used to trigger application of 18 U.S.C. § 2252A(b)(1) and (2); and, second, whether Mr. Hinkley's conviction is the same conduct proscribed in 18 U.S.C. § 2252A(b)(1).

## II.   DISCUSSION

Section 2252A(b) provides an enhanced penalty for someone who violates its prohibitions against the possession of child pornography and who has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or trafficking of children . . . ." 18 U.S.C. § 2252A(b)(1). For violations of § 2252A(a)(1)-(4) and (6), the mandatory minimum prison term rises from five to fifteen years and the maximum prison term increases from twenty to forty years. *Id.* For violations of § 2252(a)(5), there is no mandatory minimum prison term and the maximum is not more than ten years unless the person has a prior conviction, and then the statute imposes a ten year mandatory minimum and a twenty year maximum.[1] 18 U.S.C. § 2252A(b)(2).

On February 26, 2003, Mr. Hinkley was convicted in state of Maine District Court of two counts of the state misdemeanor crime of possession of materials that depicted a person not yet 14 years old engaged in sexually explicit conduct. *Stip. Attach. 1*; *Stip. Attach. 2*. First, Mr. Hinkley contends that to count the state conviction as a predicate would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, since the conviction was "based on a plea and not actual litigation." *Def.'s Mot.* at 2. Second, he says that the conduct

---

[1] The lower penalty provisions of § 2252A(b)(2) apply only to § 2252A(a)(5), the knowing possession of child pornography. The higher penalty provisions of § 2252A(b)(1) generally address distribution of child pornography, not mere possession.

underlying his misdemeanor convictions is not the same conduct proscribed by § 2252A(b)(1). *Id.* at 3-4. The Government contends that the prior misdemeanor convictions are predicate convictions under § 2252A(b)(1) and (2). *Government's Mem. in Opp'n to Def.'s Mot. to Strike Prior Conviction* (Docket # 55).

Although it is understandable that Mr. Hinkley would wish to know which penalty provision is likely to apply if he is convicted, he has not yet been convicted and may never be. To the contrary, under the law, he remains presumed innocent. Mr. Hinkley's motion anticipates sentencing consequences of a decision he has not yet made and the Court is constrained by concepts of constitutional and prudential justiciability not to issue advisory opinions. Mr. Hinckley's lawyer is not so constrained. If Mr. Hinkley desires guidance about the potential legal consequences of his alternative courses of future action, he should seek legal, not judicial advice.

### III.  CONCLUSION

The Court DISMISSES the Defendant's Motion to Strike Prior Conviction (Docket # 48).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2008